UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TREVOR JARED SMITH,**

    **Plaintiff,**

                              Case No. 8:25-cv-0804-KKM-AEP

**v.**

**ROBERT J. PERRAULT, JR.,**

    **Defendant.**

_____/

## ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES

Defendant, ROBERT J. PERRAULT, JR. (PERRAULT), by and through undersigned trial counsel, hereby files his Answer, Defenses, and Affirmative Defenses in response to Plaintiff's Complaint in correspondingly numbered paragraphs as follows:

## INTRODUCTION

1. The allegations asserted in the Complaint speak for themselves. Admitted that PERRAULT is a detective with DFS. Otherwise, denied.

2. Admitted that Plaintiff's activities were criminal in nature. Otherwise, denied.

3. Denied.

4. Denied that PERRAULT acted with evil intent or reckless indifference and denied that the investigations were fallacious. Admitted that the style and case

1

number of the Criminal Cases referenced in paragraph 4 of the Complaint are correct. Otherwise, denied.

5. Admitted that DFS and PERRAULT investigate insurance fraud and refer cases that are investigated to offices of the State Attorney for review and prosecution. Otherwise, denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

## JURISDICTION, PARTIES, AND VENUE

10. Admitted.

11. Without knowledge.

12. Admitted that PERRAULT resides in Pasco County, Florida, and DFS is headquartered in Tallahassee, Florida, and operates throughout the State of Florida. Otherwise, denied.

13. Admitted.

14. Denied.

15. Without knowledge.

## GENERAL ALLEGATIONS

**A.  PROPERTY LOSS DUE TO HURRICANES IS A FREQUENT OCCURRENCE IN THE STATE OF FLORIDA.**

16. Without knowledge as phrased and therefore denied.

17. Without knowledge as phrased and therefore denied.

18. Admitted that a DFS consumer guide entitled "Homeowners' Insurance: A Toolkit for Consumers" is quoted. Otherwise, denied.

19. Without knowledge as phrased and therefore denied.

20. Without knowledge as phrased and therefore denied.

21. Admitted that a DFS consumer guide entitled "Homeowners' Insurance: A Toolkit for Consumers" is quoted. Otherwise, denied.

**B.  HOMEOWNERS' RIGHTS AND THE USE OF ASSIGNMENT OF BENEFITS CONTRACTS ARE STATUTORILY PROTECTED RIGHTS IN FLORIDA.**

22. Admitted that section 627.7142, Florida Statutes is entitled "Homeowners Claims Bill of Rights." Otherwise, without knowledge as phrased and therefore denied.

23. Section 627.7142, Florida Statutes speaks for itself. Otherwise, denied.

24. Without knowledge.

25. Without knowledge.

26. Without knowledge.

27. Without knowledge.

28. Admitted that section 627.7152, Florida Statutes relates to "Assignment Agreements" and was initially enacted in 2019.

29. Without knowledge.

30. Without knowledge.

C. **DFS AND PERRAULT CONDUCTED THE INVESTIGATIONS THAT RESULTED IN THREE FELONY PROSECUTIONS AGAINST SMITH.**

31. Denied.

32. Denied.

   *(i) The "Investigation" that Led to the First Criminal Prosecution.*

33. Admitted that Plaintiff interacted with a homeowner named Ajay Maguluru and his property was insured through Olympus Insurance Company. Otherwise, denied.

34. Denied.

35. The Affidavit speaks for itself. Otherwise, denied.

36. Admitted that a three-count information from case number 2024-CF-008482 is attached to the Complaint. The document is identified as "1-1" to the Complaint filed with this court and it speaks for itself. Otherwise, denied.

> ### *a.  The First Criminal Prosecution Regarding the Maguluru Property Was Based on False Facts.*

37. Without knowledge as to Maguluru's testimony and therefore denied. Otherwise, denied.

38. Without knowledge as to Maguluru's testimony and therefore denied. Otherwise, denied.

39. Without knowledge as to Maguluru's testimony and therefore denied. Otherwise, denied.

40. Admitted that PERRAULT was one of the detectives involved in the investigations that included the Maguluru property. Without knowledge as to the testimony of Ricky Trinidad and therefore denied. Otherwise, denied as phrased.

41. Admitted that a *Nolle Prosequi* in case number 2024-CF-008482 is attached to the Complaint. The document is identified as "1-2" to the Complaint filed with this court. Otherwise, denied.

> ### *(ii)  The "Investigation" that Led to the Second Criminal Prosecution.*

42. Admitted that Plaintiff interacted with a homeowner named Eric Adams and his property was insured through First Protective Insurance Company d/b/a Frontline Insurance. Otherwise, denied.

43. Denied.

44. Denied.

5

45. Admitted that a three-count information from case number 2024-CF-008483 is attached to the Complaint. The document is identified as "1-3" to the Complaint filed with this court and it speaks for itself. Otherwise, denied.

> a. ***The Second Criminal Prosecution Regarding the Adams Property Was Based on False Facts.***

46. Without knowledge as to Adams' testimony and therefore denied. Otherwise, denied.

47. Without knowledge as to Adams' testimony and therefore denied. Otherwise, denied.

48. Without knowledge as to Adams' testimony and therefore denied. Otherwise, denied.

49. Admitted that PERRAULT was one of the detectives involved in the investigations that included the Adams property. Otherwise, denied.

50. Admitted that a *Nolle Prosequi* in case number 2024-CF-008483 is attached to the Complaint. The document is identified as "1-4" to the Complaint filed with this court. Otherwise, denied.

> (iii) ***The "Investigation" that Led to the Third Criminal Prosecution.***

51. Admitted that Plaintiff interacted with a homeowner named Marjorie Goodson and her property was insured through First Protective Insurance Company d/b/a Frontline Insurance. Otherwise, denied.

52. Denied.

53. Denied.

54. Admitted that a five-count information from case number 2024-CF-1269 is attached to the Complaint. The document is identified as "1-5" to the Complaint filed with this court and it speaks for itself. Otherwise, denied.

> ### a. The Third Criminal Prosecution Regarding the Goodson Property Was Based on False Facts.

55. Without knowledge as to Goodson's testimony and therefore denied. Otherwise, denied.

56. Without knowledge as to Goodson's testimony and therefore denied. Otherwise, denied

57. Denied.

58. Without knowledge as to Goodson's testimony and therefore denied. Otherwise, denied.

59. Without knowledge as to Goodson's testimony and therefore denied. Otherwise, denied.

60. Admitted that PERRAULT was one of the detectives involved in the investigations that included the Goodson property. Otherwise, denied.

61. Admitted that a *Nolle Prosequi* in case number 2024-CF-1269 is attached to the Complaint. The document is identified as "1-6" to the Complaint filed with this court. Otherwise, denied.

D. **THE CRIMINAL PROSECUTIONS BASED ON FALSE FACTS WERE HIGHLY PUBLICIZED ON TV AND THE INTERNET.**

62. Without knowledge.

63. Without knowledge.

64. Without knowledge.

65. Without knowledge.

66. Without knowledge.

67. Without knowledge.

68. Without knowledge.

69. Without knowledge.

70. Without knowledge.

E. **SMITH INCURRED SIGNFICANAT DAMAGES FROM THE CRIMINAL PROSECUTIONS THAT WERE BASED ON PERRAULT'S FANCIFUL, FALSE, AND SHODDY INVESTIGATIONS.**

71. Without knowledge as to Plaintiff's incurrence of attorney fees. Otherwise, denied.

72. Denied.

73. Denied.

## CLAIMS FOR RELIEF

**COUNT I – 42 U.S.C. §1983 MALICIOUS POSECUTION VIOLATION RELATED TO FIRST CRIMINAL PROSECUTION**

74. Defendant re-alleges its answers to Paragraphs 1-30, 31-41, and 62-73

in Plaintiff's Complaint, as if set forth fully herein.

75. Admitted that the Complaint attempts to allege a claim for a violation of 42 U.S.C. § 1983. Otherwise, denied.

76. Admitted that the Complaint attempts to allege a violation of the Fourth Amendment. Otherwise, denied.

77. Admitted that persons are entitled to certain rights under the Fourth Amendment of the U.S. Constitution. Otherwise, denied as phrased.

78. Denied.

79. Admitted.

80. Admitted.

81. Admitted.

82. Denied.

83. Admitted that a *Nolle Prosequi* was filed. Otherwise, denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## COUNT II – 42 U.S.C. §1983 MALICIOUS POSECUTION VIOLATION RELATED TO SECOND CRIMINAL PROSECUTION

91. Defendant re-alleges its answers to Paragraphs 1-32, 42-50, and 62-73 in Plaintiff's Complaint, as if set forth fully herein.

92. Admitted that the Complaint attempts to allege a claim for a violation of 42 U.S.C. § 1983. Otherwise, denied.

93. Admitted that the Complaint attempts to allege a violation of the Fourth Amendment. Otherwise, denied.

94. Admitted that persons are entitled to certain rights under the Fourth Amendment of the U.S. Constitution. Otherwise, denied as phrased.

95. Denied.

96. Admitted.

97. Admitted.

98. Admitted.

99. Denied.

100. Admitted that a *Nolle Prosequi* was filed. Otherwise, denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

## COUNT III – 42 U.S.C. §1983 MALICIOUS POSECUTION VIOLATION RELATED TO THIRD CRIMINAL PROSECUTION

108. Defendant re-alleges its answers to Paragraphs 1-32 and 51-73 in Plaintiff's Complaint, as if set forth fully herein.

109. Admitted that the Complaint attempts to allege a claim for a violation of 42 U.S.C. § 1983. Otherwise, denied.

110. Admitted that the Complaint attempts to allege a violation of the Fourth Amendment. Otherwise, denied.

111. Admitted that persons are entitled to certain rights under the Fourth Amendment of the U.S. Constitution. Otherwise, denied as phrased.

112. Denied.

113. Admitted.

114. Admitted.

115. Admitted.

116. Denied.

117. Admitted that a *Nolle Prosequi* was filed. Otherwise, denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

## GENERAL DENIAL

All allegations of the Plaintiff's Complaint that are not expressly admitted above are hereby specifically denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in his unnumbered "Wherefore" clauses following paragraphs 90, 107, and 124 of the Complaint.

## JURY DEMAND

The Defendant admits that Plaintiff has demanded trial by jury and similarly demands trial by jury on all issues so triable.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim for relief, including but not limited to, a failure to state material facts to establish the essential elements of a constitutional claim under the Fourth Amendment to the United States Constitution and the denial of rights secured under federal law that Plaintiff is attempting to assert.

2. Qualified immunity applies to the facts, claims, and causes of action being alleged by Plaintiff. Moreover, any and all actions of the Defendant were undertaken pursuant to discretionary authority and were within the course and scope of his employment. Furthermore, all actions were taken in good faith and were not contrary to obligations created by clearly established law. The conduct of the Defendant did not violate any clearly established statutory or constitutional right which a reasonable person and/or reasonable law enforcement officer would have known.

3. Any and all actions of Defendant were objectively and subjectively reasonable given the totality of circumstances.

4. Any and all actions of Defendant were based upon and were supported by probable cause and were reasonable, necessary, and proper based on the totality of the circumstances. Any detention or restraint of the Plaintiff was based on probable cause and was justified based on the totality of the circumstances known at the time and thus there was no Fourth Amendment violation to serve as the basis for a claim under 42 U.S.C. § 1983.

5. Any and all actions towards the Plaintiff and taken by Defendant were taken in good faith and without malice and were based on facts and circumstances. The Defendant had proper cause to investigate the matters related to Plaintiff in the manner that he did. Moreover, Defendant at all times acted in good faith and without

malice in the course and scope of the duties as a detective, officer, investigator, and/or employee of DFS.

6. The conduct of the Defendants was not the legal or the proximate cause of any alleged damage or injury to Plaintiff and instead, were consequences of the conduct of the Plaintiff or other third parties. There is not an affirmative causal connection between defendant's alleged acts or omissions and the alleged constitutional deprivation. Moreover, all alleged injuries and damages claimed by Plaintiff were due to and furthered by the actions and conduct of Plaintiff or other third parties.

7. All decisions and actions regarding the Plaintiffs were based upon good faith and professional judgment, were reasonable, and were made for legitimate reasons.

8. The actions of Plaintiff were the sole legal cause of the alleged damage complained of in the Complaint and in this action.

9. Assuming, arguendo, if Plaintiff is entitled to any damages for the actions complained of herein, which Defendant denies, Plaintiff has failed to mitigate his damage and/or has caused or aggravated the damage he claims to have suffered.

10. Plaintiff comes before this Court with unclean hands.

11.   The doctrines of waiver, estoppel, and laches apply to the facts and circumstances alleged by Plaintiff in the Complaint.

12.   Plaintiff's damages should be reduced or set off by any amount paid to, received by, or to be received in the future from, any third party, collateral source or any other source permitted by Florida Statutes or applicable law.

13.   The Defendant is not liable for punitive damages claimed by Plaintiff because he did not commit any actions with malice, fraud, wantonness, oppression, or entire want of care which would raise the presumption of conscious indifference to the consequences to the Plaintiff by clear and convincing evidence. Moreover, any claim for an award of punitive damages that violates the Constitution of the United States, and the Constitution for the State of Florida should be stricken.

14.   At no time did the Defendant deprive Plaintiff of his clearly established constitutional rights.

15.   The criminal cases referenced in the Complaint were directly filed with the respective State Attorney's Offices, who subsequently approved the issuance of the arrest warrants and prosecution for each case and then presented the matters to a judge who also approved and signed the arrest warrants.

16.   There is no affirmative causal link between the alleged constitutional deprivations complained of by the Plaintiff and any intentional act of Defendant.

17. The Plaintiff may have failed to meet the conditions precedent to the filing of this action.

18. The Defendant reserves the right to assert further defenses and affirmative defenses if and when they become evident during the course of discovery.

WHEREFORE, Defendant ROBERT J. PERRAULT, JR. respectfully demand judgment in their favor, and against the Plaintiff, and requests that the Court to award Defendant any other further relief it deems just and proper.

Dated this 25th day of April 2025.

                HENRY BUCHANAN, P.A.

                *s/ J. Steven Carter*
                MIRIAM R. COLES
                Florida Bar No. 58402
                mcoles@henryblaw.com
                J. STEVEN CARTER
                Florida Bar No. 896152
                scarter@henryblaw.com
                Post Office Drawer 14079
                Tallahassee, Florida 32317-4079
                Telephone: (850) 222-2920
                Facsimile: (850) 224-0034
                *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed via the CM/ECF system and electronic notification to all counsel of record on this 25th day of April 2025.

                                        *s/ J. Steven Carter*
                                        Attorney